## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FRIENDS OF THE CAPITAL      *
CRESCENT TRAIL, *et al.*,      *
     *
     Plaintiffs,      *
v.      *      Civil No. PJM 19-106
     *
UNITED STATES ARMY CORPS      *
OF ENGINEERS, *et al.*,      *
     *
     Defendants      *

## MEMORANDUM OPINION

Plaintiffs Friends of the Capital Crescent Trail, John Fitzgerald, Esquire, and Leonard Scensny brought this case against Defendants the U.S. Army Corps of Engineers (USACE), Col. John Litz, and Chief Joseph Davia, alleging that Defendants violated the Administrative Procedure Act when they granted a permit, supposedly without meeting certain requirements of the Clean Water Act. The Maryland Department of Transportation Maryland Transit Administration (MTA), the permit holder, has filed the instant Motion to Intervene. Plaintiffs oppose, and current Defendants take no position on the motion.  Having considered the MTA's motion and Plaintiffs' opposition, for the reasons that follow, the Court **GRANTS** the motion (ECF No. 20). The MTA may intervene as a Defendant in these proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Friends of the Capital Crescent Trail is a 501(c)(3) nonprofit organization dedicated to preserving parkland, open space, and quality of life in Montgomery County. John Fitzgerald is a semi-retired public interest attorney and consultant whose work focuses on environmental conservation. His home fronts on the Capital Crescent Trail. Leonard Scensny is a resident of

Montgomery County who has been a regular user of Rock Creek Park and the Capital Crescent Trail as a bicyclist and pedestrian for the past 30 years.

USACE is an agency of the United States with jurisdiction over the waters of the United States. Colonel John Litz is the Commander and District Engineer of the Baltimore District of USACE and is sued in his official capacity. Joseph DaVia is Chief of the Maryland Section, Northern, Regulatory Branch of the Baltimore District. He issued the Permit at issue to proposed intervenors MTA, doing so on behalf of Col. Litz's predecessor.

Proposed intervenor, the MTA, is responsible for the development, administration, and operation of transit services throughout Maryland.

Plaintiffs seek relief under the Clean Water Act and the Administrative Procedure Act for Defendants' alleged violation of federal law for having issued a permit authorizing the MTA to discharge dredged or fill material into U.S. waters in connection with the construction of the Purple Line, a 16.2 mile light rail transit line from Bethesda to New Carrollton. The $5.6 billion project aims to provide improved Metro connectivity to several major activity centers in the area, with 21 stations between New Carrolton in Prince George's County and Bethesda in Montgomery County. The Permit, CENAB-OP-RMN (MTA/ PURPLE LINE), No. 2016-61278-M07, was issued on March 14, 2018, pursuant to (and in alleged violation of) Section 404 of the Clean Water Act.

Plaintiffs allege that Defendants issued the Permit without requiring the MTA to meet its burden to prove by clear and convincing evidence that an alternative with less adverse impact on the waters of the United States was impracticable. Instead, Defendants supposedly relied on an alternatives analysis supplied by the MTA, allegedly without conducting an adequate and independent review of that analysis. Plaintiffs allege that that failure was in violation of the CWA, was arbitrary and capricious, and an abuse of discretion.

On May 1, 2019, after a Scheduling Order was issued but before any dispositive motions had been filed, the MTA filed the instant Motion to Intervene as Defendants, by right or in the alternative with permission from the Court. Defendants do not take a position on the Motion, and Plaintiffs oppose.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides two avenues for intervention. The first is Rule 24(a)(2)—intervention as a matter of right. Under that rule, a district court must permit intervention if the proposed intervenor can demonstrate: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that no existing party adequately represents the proposed intervenor's interest. *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). "Under Rule 24(a)(2), once an intervenor has satisfied the three criteria for mandatory intervention, the burden of persuasion shifts such that intervention is mandatory, 'unless the court is persuaded that the representation is in fact adequate.'" *Maryland Restorative Justice Initiative v. Hogan*, 316 F.R.D. 106, 111 (D. Md. 2016) (quoting 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1909, at 390 (3d ed. 2007, 2016 Supp.)).

Alternatively, a court may allow an applicant to intervene permissively under Rule 24(b), considering "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Also, "timeliness is a 'cardinal consideration' of whether to permit intervention…." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). When considering timeliness, courts consider three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and

third, why the movant was tardy in filing its motion." *Alt v. U.S. Envtl. Prot. Agency*, 758 F.3d 588, 591 (4th Cir. 2014) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989)).

### III. ANALYSIS

The Court first evaluates whether the MTA's motion should be granted pursuant to Rule 24(b), as a matter of permissive intervention.

Upon a timely motion, a court may allow a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact," as long as that intervention will not delay or cause prejudice to the adjudication of the original party's rights. Fed. R. Civ. P. 24(b). The MTA asserts that it "seeks to defend the Project against the legal and factual claims asserted by [P]laintiffs. MTA's intervention at this early stage in the litigation will cause neither delay nor prejudice to the parties." Therefore, it argues, it should be permitted to intervene. ECF No. 20-2 at 10.

Plaintiffs make several responses. First, they say, allowing the MTA into the case does not accord with the central goal of permissive intervention, which is "preventing a multiplicity of suits that involve common questions." ECF No. 21 at 8 (quoting *United States ex rel. MPA Construction, Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 939 (D. Md. 2004)). Here, Plaintiffs argue, no suit against MTA can be brought on the same grounds as those alleged in the Complaint, which relate to the USACE's permit application and decision process. Second, Plaintiffs argue that the MTA seeks to muddy the waters by focusing on the Purple Line Project, when the actual focus of the litigation is actually the administrative procedures that led to the Permit, and that allowing the MTA into the case will continue to introduce irrelevant and confusing arguments and litigation. Finally, Plaintiffs argue that the urgency of the MTA's situation is of its own making, because it started work on the Purple Line Project before the Permit was issued, and

therefore without knowing whether any valid permit would ultimately issue at all. Plaintiffs also point out that the MTA only cites the timeliness of its motion to supports its claim that intervention will not unduly prejudice Plaintiffs, whereas Plaintiffs believe they will be prejudiced for all the aforementioned reasons. Plaintiffs, however, do not seriously dispute that the MTA's request is timely in the course of this litigation.

The Court concludes that the MTA's motion is appropriately made at this stage of the litigation. It was filed in an early stage of litigation, one month after USACE filed its Answer to the Complaint, and before any dispositive motions had been filed or discovery completed. Plaintiffs have not explained why the timing, in particular, of the MTA's request to intervene would be prejudicial to them, and the Court does not believe it will be.

The question then becomes whether the MTA "has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b). The MTA does not clearly explain in its Motion or Reply what that common question might be, but notes that Maryland's interest is (like the USACE's) in defending the permit, ECF No. 23 at 13, and to seek an expeditious resolution, given the time-sensitive nature of the Project. In past litigation over the Purple Line, the MTA has taken actions to expedite proceedings that were not taken by other parties. *See id.* at 8-9.

Although the MTA was not involved in the decision-making process for the Permit, it was certainly involved in the permit application process. If Plaintiffs prevail, it will seriously impact the MTA's ability to continue on with a project into which it has already poured vast amounts of resources and time, and any possible future legal challenges arising out of such a result would hinge on the same factual insights and legal defenses the MTA seeks to raise now. The MTA will be much more deeply affected by an adverse outcome in this case than the current defendants, and

5

it raises this request at a stage in the litigation early enough that it does not require duplicative efforts by Plaintiffs at this point. The Court therefore finds that this is an appropriate situation to permit the MTA to intervene under Rule 24(b).

Because the Court will allow the MTA to intervene permissively, it need not engage in an analysis of the MTA's possibility of intervening as a matter of right.

## V. CONCLUSION

For the foregoing reasons, the MTA's Motion to Intervene (ECF No. 20) is **GRANTED.**

A separate Order will **ISSUE**.

_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 18, 2019**